1  STEPHEN J. ERIGERO (SBN 11562)
   TIMOTHY J. LEPORE  (SBN 13908)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   ROPERS, MAJESKI, KOHN & BENTLEY
3  3753 Howard Hughes Pkwy., Suite 200
   Las Vegas, NV 89169
4  Telephone:  (702) 954-8300
   Facsimile:   (213) 312-2001
5  Email:        stephen.erigero@rmkb.com
                 timothy.lepore@rmkb.com
6
   Attorneys for Defendant
7  THE LANGSDALE LAW FIRM, P.C.

8              UNITED STATES DISTRICT COURT

9                 DISTRICT OF NEVADA

10

11 STEPHEN LAFORGE and BUNNY          Case No.  2:17-cv-00782-APG-VCF
   LAFORGE,
12                                    **DEFENDANT LANGSDALE LAW
                Plaintiffs,           FIRM, P.C.'S MOTION TO
13                                    DISMISS PLAINTIFFS STEPHEN
   v.                                 LAFORGE AND BUNNY
14                                    LAFORGE'S COMPLAINT**
   RICHLAND HOLDINGS, INC. d/b/a
15 ACCTCORP OF SOUTHERN               Judge: Andrew P. Gordon
   NEVADA, a Nevada Corporation; R.C.
16 WILLEY aka RC WILLEY
   FINANCIAL SERVICES, RANDALL
17 CORPORATION d/b/a Bowen Law
   Offices; CALEB J. LANGSDALE,
18 ESQ. dba The LANGSDALE LAW
   FIRM, P.C.,
19
                Defendant.
20

21

22         Defendant THE LANGSDALE LAW FIRM, P.C. ("Langsdale"), by and

23 through its counsel of record, ROPERS MAJESKI KOHN & BENTLEY, P.C.,

24 hereby respectfully moves this Court, in accordance with Rule 12 of the Federal

25 Rules of Civil Procedure ("FRCP"), to dismiss Plaintiffs STEPHEN LAFORGE

26 and BUNNY LAFORGE's (collectively "Plaintiffs") Complaint in this matter with

27 prejudice.

28         Langsdale's Motion to Dismiss Plaintiffs' Complaint (the "Motion") is based

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Las Vegas*

on the following Memorandum of Points and Authorities; the pleadings and papers on file herein; and any oral arguments that this Court will permit at a hearing on the matter.

Dated:    April 10, 2017               ROPERS, MAJESKI, KOHN & BENTLEY


By: /s/ Timothy J. Lepore
    STEPHEN J. ERIGERO
    TIMOTHY J. LEPORE
    Attorneys for Defendant
    THE LANGSDALE LAW FIRM, P.C.

DEFENDANT LANGSDALE LAW FIRM, P.C.'S
MOTION TO DISMISS PLAINTIFFS
COMPLAINT

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION.................................................................................. 1

II.  STATEMENT OF PLAINTIFFS' ALLEGATIONS ..................................... 2

III. ARGUMENT ...................................................................................... 4

    A.   Legal Standard Of Review For Langsdale's Motion To Dismiss Plaintiffs' Complaint................................................................... 4

    B.   This Court Should Dismiss Plaintiffs' First Claim For Relief Against Langsdale Because Plaintiffs Failed To Plead Sufficient Factual Allegations That Make It Plausible Langsdale Violated Any Section Of The FDCPA ....................................................... 5

        1.   Plaintiffs' Complaint Failed To Provide Langsdale With Fair Notice Of What Sections Of The FDCPA Were Allegedly Violated ...................................................... 5

        2.   This Court Should Dismiss Plaintiffs' Claim That Langsdale Violated Section 1692(g) Because Plaintiffs' Did Not Plead Langsdale Ever Communicated With Plaintiffs .............................................................. 9

        3.   This Court Should Also Dismiss Every FDCPA Claim Against Langsdale With Prejudice Because Attorneys Are Not Vicariously Liable For Their Client's Actions ............... 11

    C.   THIS COURT SHOULD ALSO DISMISS PLAINTIFFS' SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF BECAUSE THEY FAIL AS A MATTER OF LAW ...................... 13

        1.   Plaintiffs' Second, Third, And Fourth Claims Of Relief Against Langsdale Fail As A Matter Of Law Because Plaintiffs Pled Them Contingent On Langsdale Violating The FDCPA .......................................................... 14

        2.   Plaintiffs' Third Claim For Relief Under Nevada's DTPA Fails As A Matter Of Law Because The FDCPA Does Not Regulate The Sale Or Lease Of Goods Or Services .......... 15

        3.   Plaintiffs' Second Claim For Relief For Abuse of Process Fails As A Matter Of Law Because Plaintiffs Have Not Plead Sufficient Factual Allegations Making It Plausible That Langsdale Had An Ulterior Motive ................................ 17

        4.   This Court Should Also Dismiss Plaintiffs' Fourth Claim For Relief For Civil Conspiracy With Prejudice Because Plaintiffs Have Not Alleged Sufficient Factual Allegations That Langsdale Conspired To Commit An Underlying Tort ...................................................... 18

IV.  CONCLUSION .................................................................................. 19

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    <u>INTRODUCTION</u>**

3          In ruling on this Motion, this Court must decide a single issue, all else being

4    peripheral: Plaintiffs aver that Richland Holdings, Inc. ("Richland"), a collection

5    agency, retained Langsdale to substitute in as Richland's counsel of record in a

6    collection action to collect upon a default judgment against Plaintiffs, which was

7    obtained by prior counsel, the Randall Corporation ("Bowen"). Without pleading

8    any facts that Langsdale ever attempted to collect upon the default judgment,

9    Plaintiffs claim Langsdale violated numerous unspecified provisions of the Fair

10   Debt Collection Practices Act ("FDCPA"). Plaintiffs also make a conclusory

11   allegation that Langsdale violated Section 1692g of the FDCPA by not sending a

12   validation letter that complied with that section. This Court must therefore decide

13   whether the mere allegation that Langsdale substituted in as counsel of record for

14   Richland violates any provision of the FDCPA, including Section 1692g? It does

15   not.

16         First, in enacting the FDCPA, Congress was concerned with debt collectors

17   using disruptive, threatening, and dishonest tactics. The FDCPA was designed to

18   curb these actions by increasing the ability of consumers to challenge the debt or

19   the process used to collect it. Plaintiffs' allegations that Langsdale substituting in as

20   counsel record does not hinder these goals. Indeed, Plaintiffs needed to plead more

21   facts to illustrate that Langsdale's actions or omissions were prohibited under the

22   FDCPA. But Plaintiffs failed proffer any further factual allegations to support their

23   claims. Thus, Plaintiffs' FDCPA claims against Langsdale fail as a matter of law.

24         Second, to the extent Plaintiffs allege that Langsdale violated Section

25   1692g(a) by not sending a validation letter to Plaintiffs, the Complaint contains no

26   allegation that Langsdale every communicated with Plaintiffs, which is needed to

27   trigger Langsdale's obligation to comply with Section 1692g(a). Moreover,

28

Ropers Majeski Kohn & Bentley<br>
A Professional Corporation<br>
Las Vegas

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

1  Langsdale's substitution of counsel form constituted a "formal pleading", which

2  does not qualify as an initial communication under 1692g(a). Thus, Langsdale

3  never violated Section 1692g(a) because it did not become operative.

4       Third, Plaintiffs cannot hold Langsdale vicariously liable for Richland's

5  violations of the FDCPA. As the Ninth Circuit has explained, an attorney is not

6  vicariously liable for his client's violations under the FDCPA. Therefore, Plaintiffs'

7  FDCPA claims against Langsdale based on Richlands' actions fail as a matter of

8  law.

9       Finally, Plaintiffs' additional claims against Langsdale for: (a) Deceptive

10  Trade Practices ("DTPA") (N.R.S. 598), (b) Abuse of Process, and (b) Civil

11  Conspiracy fail a matter of law because Plaintiffs pled them contingent on

12  Langsdale violating the FDCPA. As such, this Court should dismiss Plaintiffs'

13  Complaint against Langsdale with prejudice.

## II.   STATEMENT OF PLAINTIFFS' ALLEGATIONS

16       On March 17, 2017, Plaintiffs filed their Complaint against RC Willey,

17  Richland, Bowen, and Langsdale (collectively "Defendants"), contending

18  Defendants violated the FDCPA and certain Nevada state laws by attempting to

19  collect upon a debt Plaintiffs owed to RC Willey, which was later assigned to

20  Richland. The Complaint states that Plaintiffs entered into a contract with

21  Defendant RC Willey, which Utah law governed. ECF No. 1, ¶¶10-11.

22  Subsequently, Plaintiffs allegedly failed to pay the amount owed to RC Willey

23  under the contract. ECF No. 1, ¶12. RC Willey therefore assigned the debt to

24  Richland, who engaged Bowen to file a suit against Plaintiffs. ECF No. 1, ¶¶13-14.

25       Bowen filed a complaint against Plaintiffs in the Eight Judicial District

26  Court, Clark County, case number A-15-726804-C. ECF No. 1, ¶14. The complaint

27  allegedly represented that Plaintiffs owed a "contractual collection fee" of

28  $4,281.08, which was added to the principle debt amount of $8,562.16. ECF No. 1,

¶14. Subsequently, Bowen obtained an "Order for Default Judgment" against Plaintiffs. ECF No. 1, ¶21. The Default Judgment obtained against Plaintiffs allegedly awards Richland: (1) $12,843.24 in principle and contractual collection fees; (2) $709.37 in interest; (3) $604.50 in costs of suit, and (4) $750.00 in attorney fees. Plaintiffs contend these amounts were improperly calculated and inflated. ECF No. 1, ¶22.

Specifically, Plaintiffs allege the collection fee exceeded 40% of the principle balance of the debt, and therefore contend it was unlawful under Utah law (without citing any statute). ECF No. 1, ¶15. Plaintiffs further allege RC Willey had charged off the debt and stopped adding contractual interests, but that Plaintiffs were unlawfully charged 24% interest on the total amount due, including the unlawful contractual collection fee. ECF No. 1, ¶18. Plaintiffs also allege that RC Willey, Richland, and Bowen did not provide Plaintiffs with a validation debt letter in "compliance with section §1692(g) (sic)" after Bowen filed the complaint. ECF No. 1, ¶16. To this end, Plaintiffs claim they were not notified that the alleged amount owed included a collection fee equal to 50% of the principal balance of the debt. ECF No. 1, ¶16.

After the default judgment was obtained, Plaintiffs aver that Richland engaged Langsdale to continue and enforce the default judgment against Plaintiffs. ECF No. 1, ¶24. Specifically, Plaintiffs claim that on September 19, 2016, Langsdale substituted in as Richland's counsel of record in the underlying action in Bowen's place and stead. ECF No. 1, ¶24. Plaintiffs then allege upon information and belief that Langsdale failed to provide "Plaintiffs with a validation of debt letter in compliance with section § 1692(g) of the FDCPA." ECF No. 1, ¶25. Plaintiffs further allege, *again upon information and belief*, that Langsdale "continued with its efforts to collect the debt despite the fact that it failed to comply with section§ 1692(g) of the FDCPA." ECF No. 1, ¶25.

Based on these allegations, Plaintiffs assert four causes of actions against

DEFENDANT LANGSDALE LAW FIRM, P.C.'S
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT

Langsdale for: (1) violations of the FDCPA (15 U.S.C. § 1692, et seq.); (2) Abuse of Process; (3) violations of Nevada's DTPA; and (4) Civil Conspiracy. But evident from the allegations stated above, Plaintiffs have not pled sufficient factual allegations to support any of these claims of relief against Langsdale.

## III.    ARGUMENT

### A.    Legal Standard Of Review For Langsdale's Motion To Dismiss Plaintiffs' Complaint.

Federal Rule of Civil Procedure 8(a) provides the basic standard for federal pleadings: A pleading that states a claim for relief must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed R. Civ. P. 8(a)). The function of a complaint is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Thus, a Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether "there is a lack of cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*., 901 F.2d 696, 699 (9th Cir. 1988).

In determining what constitutes sufficient facts, the Supreme Court has stated that a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Stated in another fashion, the factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Consequently, to survive a motion to dismiss, a plaintiff must plead something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

action.'" (*Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 555). And although a court must construe the complaint in the light most favorable to the plaintiff and accept its factual allegations as true, (*Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)), this rule does not apply to "a legal conclusion couched as a factual allegation." (*Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

> **B.**    **This Court Should Dismiss Plaintiffs' First Claim For Relief Against Langsdale Because Plaintiffs Failed To Plead Sufficient Factual Allegations That Make It Plausible Langsdale Violated Any Section Of The FDCPA.**

This Court should dismiss Plaintiffs' FDCPA claims against Langsdale for three principal reasons. First, Plaintiffs' Complaint failed to provide Langsdale with fair notice of what sections in the FDCPA he allegedly violated. Second, Langsdale did not violate section 1692g because Plaintiffs' did not plead Langsdale ever communicated with Plaintiffs. And third, Plaintiffs cannot allege FDCPA claims against Langsdale based on Richland's violations of the FDCPA because attorneys are not vicariously liable for their client's actions.

> **1.**    **Plaintiffs' Complaint Failed To Provide Langsdale With Fair Notice Of What Sections Of The FDCPA Were Allegedly Violated.**

To survive Langsdale's motion to dismiss Plaintiffs' FDCPA claim, Plaintiffs must plead sufficient factual allegation making it plausible that Plaintiffs: (1) were consumers (2) who were the object of a collection activity arising from a consumer debt, and (3) Langsdale is a "debt collector" as defined by the FDCPA, who (4) *engaged in an act or omission prohibited by the FDCPA. Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004). Pertinent to this Court's inquiry is whether Plaintiffs plead factual allegations satisfying the last prong.

In *White v. G.C. Servs., LP*, this District analyzed the threshold amount of

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

factual information a plaintiff must plead to make it plausible a debt collector engaged in an act or omission prohibited by the FDCPA. *White*, No. 3:12-CV-00351-RCJ, 2012 WL 4747156, at *1 (D. Nev. Oct. 2, 2012). In that case, the plaintiff had pled the defendant debt collector improperly attempted to contact her at work concerning an alleged debt even after the debt collector was aware the employer did not allow these communications. *Id*. at *2. Based on this one factual allegation against the debt collector, the plaintiff alleged the debt collector violated several subsections of FDCPA, including: (1) "engaging in conduct, the natural consequences of which is to harass, oppress, or abuse" (Section 1692d); (2) "using a false, deceptive, or misleading representation in connection with collection" (Section 1692e); and (3) "using unfair and unconscionable means in connection with collection" (Section 1692f). *Id*.

The debt collector moved to dismiss the complaint, arguing Plaintiff had simply recited statutes and had not pled any further facts making relief plausible. *Id*. In analyzing the complaint, the court agreed and held the plaintiff's complaint simply stated legal conclusions. *Id*. In reaching this decision, the court did note that sometimes merely reciting a statute would satisfy *Twombly* if the required facts were sufficiently incorporated into the statute.[1] *Id*. But with respect to the FDCPA, the court held that the plaintiff had to plead more than a formulaic recitation of the FDCPA's statutes because the FDCPA contained broad legal standards requiring some examination of fact to determine a violation. *Id*. The court therefore dismissed the plaintiff's complaint. *Id*.

Similar to *White*, Plaintiffs' first claim for relief, entitled "violations of FDCPA, 15 U.S.C. § 1698, et. seq.," makes conclusory allegations that "Defendants" committed "numerous violations" of the FDCPA. Without specifying

---

[1] For example, the court held that if the FDCPA made it illegal for a debt collector to "contact a debtor between 12 a.m. and 5 a.m. local time," reciting the statute verbatim would satisfy *Twombly*. *White*, *supra*, 2012 WL 4747156, at *2.

DEFENDANT LANGDALE LAW FIRM, P.C.'S
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT

who did what and when, Plaintiffs allege "Defendants" violated the FDCPA by: (a) "mischaracterizing the character, amount, and legal status of the Alleged Debt"; (b) "employing various false representations and deceptive means to collect the alleged debt"; (c) "taking illegal action to collect the Alleged Debt"; and (d) "by attempting to collect more than was due on the Alleged Debt." These allegations, however, are nothing more than legal conclusions couched as factual allegations, which fail to provide Langsdale with fair notice of what FDCPA sections it violated. This Court must therefore look elsewhere in Plaintiffs' Complaint to ascertain factual allegations to support this claim. *E.g. Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994) ("[A] court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.")

In Plaintiffs' Complaint, under "Factual Allegations", Plaintiffs pled ***one*** factual allegation about Langsdale. This allegation states that ***after*** Bowen obtained the default judgment against Plaintiffs, Langsdale substituted in as counsel of record on September 19, 2016 in the collection action. Plaintiffs then make a further conclusory allegation (*upon information and belief*) that Langsdale failed to provide Plaintiffs with a validation letter that complied with Section 1692(g) and continued collection efforts against Plaintiffs. Missing from these allegations, though, are facts regarding how Langsdale violated Section 1692g, or what "collection efforts" Langsdale took to recover the debt from Plaintiffs that violated the FDCPA.

First, the allegation that "Langsdale failed to provide Plaintiffs with a validation of debt letter in compliance with Section 1692(g) [sic] of the FDCPA" is ambiguous. This allegation could either mean Plaintiffs *received a non-compliant* validation letter from Langsdale, or Plaintiffs *did not receive* a required validation letters from Langsdale. Both interpretations are possible, which again illustrates Plaintiffs' failure to provide Langsdale with fair notice of Plaintiffs' claims.

Additionally, a conclusory allegation that Langsdale violated Section

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

1692g—without further factual allegations—provides no notice to Langsdale what provisions of Section 1692g Plaintiffs are claiming Langsdale violated. For example, under Section 1692g(a), a debt collector has to provide a written validation letter regarding the debt within five days after the debt collector's initial communication with a consumer. 15 U.S.C. § 1692g(a). Subsequently, if a consumer provides written notice he or she is disputing the debt, Section 1692g(b) requires the debt collector to cease collection efforts until the debt collector obtains and provides a verification of the debt or a copy of a judgment. Plaintiffs therefore cannot simply allege Langsdale failed to provide Plaintiffs with a validation of debt letter in compliance with Section 1692(g). Plaintiffs needed to plead more facts to provide Langsdale with fair notice to what sections Langsdale violated, but did not accomplish this task.

Second, Plaintiffs failed to proffer any details on what collection efforts or omissions Langsdale engaged in that violated the FDPCA. Instead, Plaintiffs simply alleged that Langsdale substituted in as counsel of record for Richland. But merely substituting in as counsel record, without further collection efforts, cannot constitute a FDCPA violation. *See e.g. Okyere v. Palisades Collection*, LLC, 961 F. Supp. 2d 508, 518–19 (S.D.N.Y. 2013) ("[there] is nothing in the complaint to plausibly suggest that the failure to fulfill the state law notice-of-substitution requirement had any material effect on [the consumer's] ability to challenge the debt or the process used to collect it."). It is also hard to fathom that filing a substitution of counsel form by itself, without further action, is the type of activity Congress sought to regulate with the FDPCA. *See e.g. Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938 (9th Cir. 2007) ("Congress was concerned with disruptive, threatening, and dishonest tactics.").

Moreover, Plaintiffs' conclusory allegation that Langsdale engaged in unspecified collection efforts, *which is plead on information and belief*, is problematic because Plaintiffs undoubtedly would have knowledge about these

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

collection activities. This is because to collect upon the default judgment, Langsdale would need to (a) file a writ of attachment against Plaintiffs property, or (b) communicate with Plaintiffs by written or telephonic correspondence to pay the debt. Nevertheless, Plaintiffs omitted from their Complaint these factual allegations entirely, making it implausible that Langsdale even violated the FDCPA. *Trinidad v. Caliber Home Loans, Inc.*, No. 216CV00818MMDVCF, 2017 WL 149803, at *2 (D. Nev. Jan. 13, 2017) (dismissing the plaintiff's complaint because, among other reasons, "it makes no specific allegations that [the alleged debt collector] even attempted to collect on the debt").

Plainly evident, this type of pleading practice is prohibited by the Supreme Court's rulings in *Iqbal and Twombly*. And yet, Plaintiffs attempt to claim Langsdale violated Section 1692(g) and numerous unidentified sections of the FDCPA based on no factual information whatsoever. As a result, this Court should dismiss Plaintiffs' First Claim for Relief with prejudice.

### 2.   This Court Should Dismiss Plaintiffs' Claim That Langsdale Violated Section 1692(g) Because Plaintiffs' Did Not Plead Langsdale Ever Communicated With Plaintiffs.

Even if this Court was to overlook Plaintiffs' conclusory allegations, the only FDCPA section Plaintiffs possibly allege Langsdale violated is Section 1692g(a). As stated above, Plaintiffs make a conclusory allegation that "Langsdale failed to provide Plaintiffs with a validation of debt letter in compliance with Section 1692(g) of the FDCPA." Since Plaintiffs failed to identify defects contained in any validation letter they received, Langsdale assumes Plaintiffs are claiming they never received a validation letter from Langsdale according to Section 1692g(a).

Section 1692g(a) states that "[w]ithin five days *after the initial communication* with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing" the amount of the debt, the name of the creditor to whom the debt is owed, and a number of

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

1    statements regarding a consumer's right to validate the debt. *See* 15 U.S.C. §

2    1692g(a)(1)–(5) (emphasis added). This written notice is commonly referred to as a

3    validation letter.  The FDCPA, however, specifically excludes "communication[s]

4    in the form of a formal pleading in a civil action" from qualifying as an initial

5    communication under Section 1692g. 15 U.S.C. § 1692g(d). Therefore, formal

6    pleadings do not trigger the validation requirements outlined in Section 1692g(a).

7    *Todorov v. Easy Loans Corp.*, No. 2:13-CV-01264-MMD, 2014 WL 2803423, at

8    *6 (D. Nev. June 19, 2014).

9         In construing the meaning of "formal pleadings," courts have concluded

10   documents filed with a court in connection with a civil proceeding constitute

11   "formal pleadings." For example, in *Taylor v. Heath W. Williams, L.L.C.*, the

12   Northern District of Georgia held that a complaint initiating a wage garnishment

13   action did not constitute an initial communication because it was a "formal

14   pleading." *Taylor*, 510 F. Supp. 2d 1206, 1213 (N.D. Ga. 2007) Moreover, the

15   Ninth Circuit Bankruptcy Court has even held that a proof of claim filed in a

16   bankruptcy action constitutes a formal pleading under Section 1692g. *In re*

17   *McCarther-Morgan*, No. ADV. 07-90654, 2009 WL 7810817, at *12 (B.A.P. 9th

18   Cir. Jan. 27, 2009).

19        Accordingly, Plaintiffs must have pled Langsdale communicated with

20   Plaintiffs to trigger Langsdale's obligation to send a written validation letter.

21   Plaintiffs, however, omitted this allegation in their Complaint. Nowhere in the

22   Complaint do Plaintiffs allege Langsdale communicated with them. Instead,

23   Plaintiffs allege Langsdale substituted in as Richland's counsel  of record. But this

24   allegation cannot support Plaintiffs' Section 1692g(a) claim for two reasons.

25   Principally, Langsdale's substitution of counsel form is a formal pleading

26   connected to a civil action. It therefore does not constitute an initial communication

27   according to Section 1692g(d). But even if the substitution of counsel form

28   constituted an initial communication, Plaintiffs do not allege that *they actually*

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

- 10 -

*received* (i.e. were served with) the substitution of counsel form. As a result, Plaintiffs did not plead any facts that would trigger Langsdale's obligations to comply with Section 1692g(a), and therefore this Court should dismiss this claim with prejudice.

### 3. This Court Should Also Dismiss Every FDCPA Claim Against Langsdale With Prejudice Because Attorneys Are Not Vicariously Liable For Their Client's Actions.

Plaintiffs also pled that Richland and its original counsel of record, Bowen, violated unspecified provisions of the FDCPA. Specifically, Plaintiffs allege Richland and Bowen violated the FDCPA by: (1) adding a collection fee to the principle balance of Plaintiffs' debt that exceeded 40% of the principle balance of the debt, which allegedly violates Utah law; (2) not providing Plaintiffs notice that the debt included a collection fee equal to 50% of the principle balance of the debt; (3) unlawfully charging Plaintiffs 24% interest on the total amount; and (4) obtaining a default judgment that was unlawfully and improperly calculated. Despite the lack of validity to these claims,[2] Plaintiffs cannot hold Langsdale vicariously liable for any FDCPA violation that Richland and Bowen allegedly committed.

In *Clark v. Capital Credit & Collection Servs., Inc.*, the Ninth Circuit held that "there is no legal authority for the proposition that an attorney is generally liable for his client" violating the FDCPA. 460 F.3d 1162, 1173 (9th Cir. 2006). In that case, a collection agency attempted to collect upon a debt from a married couple. *Id.* at 1167. The couple disputed the validity of the debt and informed the

_____

[2] Utah's usury law does not proscribe a specific interest rate as unlawful. "The parties to a lawful contract may agree upon any rate of interest for the loan or forbearance of any money, goods, or chose in action that is the subject of their contract" Utah Code § 15-1-1. Instead, Utah law states that with respect to a consumer credit agreement, the court may refuse to enforce the agreement "if the court finds the agreement or any part of the agreement to have been unconscionable at the time it was made." Utah Code § 70C-7-106; *e.g. The Cantamar, L.L.C. v. Champagne*, 2006 UT App 321, ¶ 34, 142 P.3d 140, 152 (concluding that a 30% per annum default interest rate agreed is "not substantively unconscionable.")

DEFENDANT LANGDALE LAW FIRM, P.C.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

collection agency not to contact the couple again. *Id*. Afterwards, an attorney for the collection agency sent a collection notice to the couple. *Id*. The couple responded by disputing the debt again, requesting verification of the debt, and demanding the collection company and the attorney cease communications with the couple. *Clark,* at 1167. A few months later, the collection agency contacted one of the spouses and the interaction was allegedly so upsetting, the spouse required therapy. *Id*.

After the resulting collection lawsuit was resolved, the coupled filed suit against the collection agency and its attorney, alleging they violated the FDCPA by contacting the couple after the couple demanded they ceased communications. *Id*. The attorney moved for summary judgment because, among other reasons, it was not liable for the actions of his client. *Id*. The Ninth Circuit agreed, stating that as matter of law, the attorney could not be held liable for the actions of his client. *Clark,* at 1173. Specifically, the Ninth Circuit stated that "[a]lthough [it had] recognized vicarious liability under the FDCPA, . . . there is no legal authority for the proposition that an attorney is generally liable for the actions of his client." *Id*. (internal citations omitted). Moreover, the Ninth Circuit explained that the couple offered no evidence to conclude that the attorney exercised control over the collection agency. *Id*. The Ninth Circuit therefore concluded summary judgment was proper. *Id*.

As in Clark, there is no basis in law to hold Langsdale liable for Richland and Bowen's violations of the FDCPA. To begin with, Bowen filed the complaint and obtained the default judgment against Plaintiffs prior to Langsdale substituting in as counsel of record. Even though Plaintiffs omitted referencing pertinent dates from their Complaint to obscure their claims from being time barred by the FDCPA's one year statute of limitation,[3] any fair reading of the Complaint illustrates that

---

[3] *Lyons v. Michael & Assocs*., 824 F.3d 1169, 1173 (9th Cir. 2016) (holding that under the FDCPA, when the alleged harm derives from the underlying collection action, the one year

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

DEFENDANT LANGDALE LAW FIRM, P.C.'S
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT

Bowen filed the complaint and obtained the default judgment well before Langsdale substituted into the action.  Thus, Plaintiffs admit that Langsdale had no involvement in filing the complaint or obtaining the default judgment. Langsdale is therefore not directly liable for any claims Plaintiffs incurred from Bowen misrepresenting the amount due and owed in the complaint or the default judgment.

Second, the Ninth Circuit has unequivocally declared that Plaintiffs cannot hold Langsdale vicariously liable for Richland's actions because an attorney is not generally liable for his client's actions. This is especially the case here, as Richland's actionable conduct occurred before Langsdale was even retained. In addition, Plaintiffs have not pled factual allegations, nor can they, that Langsdale controlled Richland and Bowen's past litigation conduct, which is necessary to impute vicarious liability according to a principal-agent theory. In fact, Plaintiffs allege the exact opposite, stating Langsdale's actions were committed in its capacity as agents of its principle. ECF No. 1, ¶31. This Court must therefore dismiss Plaintiffs' FDCPA claims against Langsdale with prejudice, as they fail as a matter of law.

### C.   THIS COURT SHOULD ALSO DISMISS PLAINTIFFS' SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF BECAUSE THEY FAIL AS A MATTER OF LAW.

In an afterthought, Plaintiffs have pled three additional claims against Langsdale for: (1) Deceptive Trade Practices (N.R.S. 598), (2) Abuse of Process, and (3) Civil Conspiracy. Nevertheless, these claims too fail as a matter of law. First, all of these claims are pled contingent upon Langsdale violating the FDCPA. Therefore, since Plaintiffs' claims against Langsdale fail as a matter of law, these claims do as well. Second, Plaintiffs' DTPA claim fails as a matter of law because the DTPA claim is restricted to claims based on the sale or lease of goods or

statute of limitations runs from the filing of the complaint, or in certain circumstances, upon notice of the lawsuit.)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

services, which do not encompass debt collection practices. Third, Plaintiffs' abuse of process claim fails because Plaintiffs have not alleged sufficient facts that Langsdale had an ulterior purpose other than resolving a legal dispute. And finally, Plaintiffs' civil conspiracy claim fails as a matter of law because Plaintiffs have not pled the defendants entered into an agreement with the intent to commit a tort.

### 1.  Plaintiffs' Second, Third, And Fourth Claims Of Relief Against Langsdale Fail As A Matter Of Law Because Plaintiffs Pled Them Contingent On Langsdale Violating The FDCPA.

In an attempt to widen their claim to damages, Plaintiffs alleged Langsdale engaged in deceptive trade practices, abused the legal process, and conspired with RC Willey, Richland, and Bowen to damage Plaintiffs. Notwithstanding, Plaintiffs have pled nothing more than legal conclusions to support these claims and admit these claims are contingent on Langsdale violating the FDPCA. For example, Plaintiffs allege in their Abuse of Process claim that "Defendants commenced and/or prosecuted legal proceedings against Plaintiffs for the ulterior purpose of collecting unlawful rates of interests and unlawful fees in violation of the FDPCA." Similarly, Plaintiffs' stated for their DTPA claim that "Defendants engage[d] in unfair or deceptive acts or practices . . . through . . . debt collection and litigation activities." And finally, Plaintiffs alleged Defendants committed civil conspiracy by undertaking a "concerted action with the intent to commit the Collection Fee Violations, the 1692(g) Violations and The Interest Fees Violations."

Consequently, Plaintiffs have pled their claims for deceptive trade practices abuse of process, and civil conspiracy based on Langsdale violating the FDCPA. This Court should therefore dismiss Plaintiffs' Second, Third, and Fourth claims for relief with prejudice because Plaintiffs' claims against Langsdale under the FDCPA fail as a matter of law.

//

DEFENDANT LANGDALE LAW FIRM, P.C.'S
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**2.    Plaintiffs' Third Claim For Relief Under Nevada's DTPA Fails As A Matter Of Law Because The FDCPA Does Not Regulate The Sale Or Lease Of Goods Or Services.**

Plaintiffs also allege Langsdale violated Nevada's DTPA by engaging in unfair and deceptive debt collection and litigation activities. Again, because Plaintiffs allegations contain nothing more than ultimate legal conclusions, Plaintiffs do not specify what section of the DTPA Langsdale allegedly violated. However, since Plaintiffs pled their DTPA claim contingent on Langsdale violating the FDCPA, Langsdale assumes Plaintiffs are bringing their DTPA action based on N.R.S. Section 598.0923, which contains a "borrowing" provision. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012)

That section of the DTPA states that "a person engages in a 'deceptive trade practice' when in the course of his business or occupation he or she knowingly ... [v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services." N.R.S. Section 598.0923(3). Nevada has provided victims of consumer fraud, defined as a "deceptive trade practice", a private right of action under this section. N.R.S. 41.600. Accordingly, for Plaintiffs to bring this action against Langsdale for violations of the FDCPA, this Court must conclude that the FDCPA relates to the sale or lease of good or services. It does not.

The FDCPA's "[c]ongressional findings and declaration of purpose" makes it abundantly clear that the FDCPA does not relate to the purchasing or leasing of goods or services, but instead regulates debt collection practices. 15 U.S.C. § 1692. Specifically, the FDCPA declares "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors[,]" and the FDCPA's purpose is "to eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692. Missing from this statement is any declaration that the FDCPA is concerned with the selling or leasing of goods or services.

The FDCPA also does not restrict its definition of "consumer," and thus

standing under the FDCPA, to individuals who purchased or leased goods or services. Instead, "consumer" is defined to mean "any natural person *obligated or allegedly obligated to pay any debt*." 15 U.S.C. § 1692a. Again, this illustrates the FDCPA is concerned with regulating the collection of debts, not the sale or lease of good or services. *E.g. Lachi v. GE Capital Bank*, 993 F. Supp. 2d 1228, 1232 (S.D. Cal. 2014) (restricting standing under the FDCPA to individuals who are allegedly obligated to pay a debt.)

Moreover, in *Peatrowsky v. Persolve*, this District was presented with this same issue and found that consumers may not bower the FDCPA to allege a claim under DTPA. *Peatrowsky*, No. 2:12-CV-00935-JAD, 2014 WL 1215061, at *5 (D. Nev. Mar. 24, 2014). In analyzing the issue, the court stated the consumer's "NDTPA claim [was] an attempt to shove her square facts into this round hole of Nevada law." *Id*. In addition, the court found that the consumer did not even allege the debt collector's (a law firm) violations of the FDCPA related to the sale or lease of good of services. *Id*. The court therefore dismissed the claim. *Id*.[4]

As is made clear from above, Plaintiffs cannot allege a DTPA claim based on a violation of the FDCPA. Simply stated, the FDCPA does not relate to the sale or lease of goods or services, but instead regulates debt collection practices. Furthermore, Plaintiffs did not plead that Langsdale's violations of the FDPCA were remotely related to the selling or leasing of goods or services. This Court should therefore dismiss Plaintiffs' Third Claim of Relief with prejudice.

//

//

---

[4] The court also dismissed the claim because it is doubtful that under Nevada law, "securing or collecting debts" constitutes as doing business, which is an element a consumer must prove to recover under the "borrowing provision" contained in the Nevada's DTPA. *Id*.; *see* N.R.S § 80.015 ("the following activities do not constitute doing business in this State: . . . [s]ecuring or collecting debts.")

DEFENDANT LANGDALE LAW FIRM, P.C.'S
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

### 3.   Plaintiffs' Second Claim For Relief For Abuse of Process Fails As A Matter Of Law Because Plaintiffs Have Not Plead Sufficient Factual Allegations Making It Plausible That Langsdale Had An Ulterior Motive.

Under Nevada law, to support an abuse of process claim against Langsdale, Plaintiffs needed to plead that Langsdale had: (1) an ulterior purpose other than resolving a legal dispute, and (2) Langsdale engaged in "a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Land Baron Inv. v. Bonnie Springs Family LP*, 131 Nev. Adv. Op. 69, 356 P.3d 511, 519 (2015), *reh'g denied* (Nov. 24, 2015), *reconsideration en banc denied* (Jan. 22, 2016). Importantly, Plaintiffs "must provide facts, rather than conjecture, showing that [Langadale] intended to use the legal process to further an ulterior purpose." *Id*. Furthermore, the tort requires a "willful act," and . . . "merely filing a complaint and proceeding to properly litigate the case does not meet this requirement." *Id*; *e.g. Absolute Bus. Sols., Inc. v. Mortg. Elec. Registration Sys., Inc.*, No. 215CV01325RCJNJK, 2016 WL 4149970, at *6 (D. Nev. Aug. 3, 2016).

Applying this standard here, Plaintiffs have not alleged any facts making it plausible that Langsdale had an ulterior purpose in proceeding with the collection action. Instead, Plaintiffs aver that Defendants commenced the lawsuit with the "ulterior purpose" to collect monies from Plaintiffs that Defendants are not legally entitled to recover. But this conclusory allegation cannot support the contention that Langsdale had an "ulterior motive." This is because collecting the debt from Plaintiffs was *the purpose* of Richland's collection action. Moreover, all contractual disputes derive from plaintiffs claiming they are owed money, which defendants usually dispute plaintiffs are legally entitled to recover. Thus, Plaintiffs' allegations represent nothing more than the factual contention underpinning all contract disputes, not an "ulterior motive."

Plaintiffs also failed to plead any facts to support the proposition that

DEFENDANT LANGDALE LAW FIRM, P.C.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

Ropers Majeski Kohn & Bentley
A Professional Corporation
Las Vegas

Langsdale, by substituting in as counsel of record, engaged in a willful act not proper in the regular conduct of the proceeding. *See e.g. Gray v. Receivables Performance Mgmt.*, No. 2:10-CV-01240-GMN, 2011 WL 2433812, at *3 (D. Nev. June 13, 2011) ("[C]laimants must include some allegation of abusive measures taken *after* the filing of the complaint in order to state a claim." (citing *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev.2002).) Thus, to allow Plaintiffs claim to go forward on these allegations would encourage parties to forgo litigation and resort to other means to collect upon the debt, an absurd result this Court should avoid. As a result, this Court should dismiss Plaintiffs' Second Claim for Relief with prejudice.

### 4. This Court Should Also Dismiss Plaintiffs' Fourth Claim For Relief For Civil Conspiracy With Prejudice Because Plaintiffs Have Not Alleged Sufficient Factual Allegations That Langsdale Conspired To Commit An Underlying Tort.

Actionable civil conspiracy in Nevada "arises where two or more persons undertake some concerted action with the intent 'to accomplish an unlawful objective for the purpose of harming another,' and damage results." *Guilfoyle v. Olde Monmouth Stock Transfer Co.*, 130 Nev. Adv. Op. 78, 335 P.3d 190, 198 (2014) (citation omitted). Thus, to establish a claim for civil conspiracy, Plaintiffs must prove: (1) "the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort." *Peterson v. Miranda*, 57 F. Supp. 3d 1271, 1278 (D. Nev. 2014) (citing *GES, Inc. v. Corbitt,* 117 Nev. 265, 21 P.3d 11, 15 (2001).) To support this claim, Plaintiffs allege Langsdale undertook a concerted action with the other defendants with the intent to violate the FDCPA. There are two issues with this allegation that cause this claim to fail as matter of law.

Principally, Plaintiffs conspiracy allegations are conclusory. Again, there are no factual allegations in Plaintiffs' Complaint that the defendants conspired and agreed to commit a tort. At most, Plaintiffs allege RC Willey assigned a debt to Richland, who engaged Bowen, and later Langsdale, to collect upon that debt.

1    Omitted from this, though, are any factual allegations that the defendants

2    intentionally agreed between each other to violate the FDCPA to collect monies not

3    owed to them to specifically damage Plaintiffs. *E.g. On Demand Direct Response,*

4    *LLC v. McCart–Pollack*, No. 215CV01576MMDVCF, 2016 WL 5796858, at *3

5    (D. Nev. Sept. 30, 2016) (finding that despite 75 pages of allegations, plaintiffs did

6    not plead sufficient facts to state a civil conspiracy claim.)

7         Additionally, Plaintiffs civil conspiracy claim also fails as a matter of law

8    because the commission of an underlying tort is necessary to support this claim.

9    Here, Plaintiffs have pled their civil conspiracy claim based on Langsdale violating

10   the FDCPA. But as Langsdale demonstrated above, Plaintiffs do not have a viable

11   claim against Langsdale under the FDPCA. Thus, this Court should also dismiss

12   Plaintiffs Fourth Claim for Relief with prejudice.

13

14   **IV.    CONCLUSION**

15

16        For the reasons stated above, Langsdale respectfully request this Court to

17   dismiss Plaintiffs' Complaint against Langsdale with prejudice.

18

19   Dated:    April 10, 2017              ROPERS, MAJESKI, KOHN &
                                           BENTLEY
20

21                                         By: /s/ *Timothy J. Lepore*
22                                           STEPHEN J. ERIGERO
                                             TIMOTHY J. LEPORE
23                                           Attorneys for Defendant
                                             THE LANGSDALE LAW FIRM,
24                                           P.C.

25

26

27

28

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Las Vegas*

**CERTIFICATE OF SERVICE**

In accordance with Rule 5(b) of the Federal Rules of Civil Procedure, and Local Rule IC 4-1(d), I hereby certify that on the 10th day of April 2017, a copy of **DEFENDANT LANGDALE LAW FIRM, P.C.'S MOTION TO DISMISS PLAINTIFFS STEPHEN LAFORGE AND BUNNY LAFORGE'S COMPLAINT**, was served on all CM/ECF registered parties by filing and serving the same using the CM/ECF filing system.

_/s/ Timothy J. Lepore_
TIMOTHY J. LEPORE
An employee of Ropers Majeski
Kohn & Bentley, P.C.

DEFENDANT LANGDALE LAW FIRM, P.C.'S
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT