# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN LAFORGE and BUNNY LAFORGE,<br><br>Plaintiffs,<br><br>v.<br><br>RICHLAND HOLDINGS, INC. d/b/a ACCOUNT CORP OF SOUTHERN NEVADA; RC WILLEY FINANCIAL SERVICES; RANDALL CORPORATION d/b/a BOWEN LAW SERVICES; and CALEB J. LANGSDALE, ESQ. d/b/a LANGSDALE LAW FIRM, P.C.,<br><br>Defendants. | Case No. 2:17-cv-00782-APG-VCF<br><br>**ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION**<br><br>(ECF No. 58) |

Plaintiffs Stephen and Bunny Laforge filed an emergency motion for clarification of my prior order granting the defendants' motion to dismiss. The emergency motion violates Local Rule 7-4(a), which requires counsel to meet and confer to resolve the dispute before filing a motion. The plaintiffs' counsel tries to excuse his failure to confer with the opposing counsel by claiming that parties cannot stipulate to clarify an Order. ECF No. 58 at 3. But a conference often can narrow the issues in dispute. The plaintiffs' counsel also does not satisfactorily explain why the motion had to be filed on an emergency basis and without notifying opposing counsel. Counsel lists a series of unfortunate events (a scorpion bite, lingering effects of an October concussion, disagreements in his office about how to respond) that contributed to the delay. ECF No. 58 at 2-3. But counsel had sufficient time to draft a 24-page motion. So he had sufficient time to confer with opposing counsel, request an extension of the filing deadline, or prepare the amended complaint. *See* Local Rule 7-4(b) ("A party or attorney's failure to effectively manage deadlines . . . or any other aspect of litigation does not constitute an emergency. This rule's provisions are not intended for requests for procedural relief, e.g., a motion to extend time to file a brief . . . .").

By filing the emergency motion, the plaintiffs have granted themselves an extension of the deadline set in my order. I strongly disfavor such tactics. And this is not the first time I have recently addressed plaintiffs' counsel's violation of the Local Rules. I therefore deny the plaintiffs' emergency motion for clarification, without prejudice. But if I deny the plaintiffs the ability to file an amended complaint, their claims would not be considered on their merits, which is not favored. Instead, I will extend the filing deadline. The parties shall meet and confer about the claims the plaintiffs believe they can assert in their amended complaint. The parties will then file a stipulation as to what they agree to, or the plaintiffs will file a motion seeking clarification of the issues on which the parties cannot agree.

IT IS THEREFORE ORDERED that the plaintiffs' motion for clarification **(ECF No. 58) is DENIED without prejudice**. The parties will meet and confer about the claims the plaintiffs believe they can assert in their amended complaint. By **March 9, 2018**, either the parties will file a stipulation as to what they agree to, or the plaintiffs will file a motion seeking clarification of the issues on which the parties cannot agree. The plaintiffs' motion, if filed, shall include a proposed amended complaint.

DATED this 20th day of February, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE