## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN LAFORGE and BUNNY LAFORGE, <br><br> Plaintiffs <br><br> v. <br><br> RICHLAND HOLDINGS, INC., et al., <br><br> Defendants | Case No.: 2:17-cv-00782-APG-VCF <br><br> **Order Granting Motion for Summary Judgment and Denying as Moot Motion to Strike** <br><br> [ECF Nos. 87, 88] |

Plaintiffs Stephen and Bunny Laforge sue defendants Richland Holdings, Inc., RC Willey Financial Services, and Randall Corporation d/b/a Bowen Law Offices for alleged actions arising from the collection of a debt.[1]  In the amended complaint, the Laforges claim that Richland violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g, because the first communication they received from Richland in January 2017 did not have the statutorily required disclosures.  Alternatively, they contend that if Richland sent a prior communication, that letter violated the FDCPA because it did not adequately break out the components of the debt among principle, interest, and fees.  The Laforges assert against all defendants state law claims for abuse of process and civil conspiracy, and they assert against RC Willey a claim for violations of the Nevada Deceptive Trade Practices Act.

The defendants move for summary judgment on a variety of grounds.  They also move to strike the amended complaint, contending that it strayed beyond my prior order allowing amendment.  The Laforges oppose both motions.  The parties are familiar with the facts, and I will not repeat them here except where necessary.  I grant the defendants' motion for summary

---

[1] The Laforges have settled their claims against Langsdale Law Firm, P.C. ECF No. 100.

judgment because (1) the FDCPA claim is untimely to the extent it is based on the September 2015 letter and (2) the January 2017 letter was not sent by Richland and was not an initial communication that required disclosures.  I grant the defendants' motion on the state law claims because the plaintiffs lack standing to assert those claims after Richland purchased them at a sheriff's sale.

## I.  ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

////

////

**A. FDCPA**

Section 1692g requires a debt collector to validate the debt to be collected by providing certain information related to the debt either in the initial communication with the consumer or in a written notice within five days after the initial communication. *See* 15 U.S.C. 1692g(a). The plaintiffs allege Richland violated § 1692g by sending an initial communication to them in January 2017 that did not contain the statutorily required disclosures. They also dispute that Richland sent them a letter in September 2015. Finally, they contend that even if Richland sent the prior letter, that letter was deficient because it did not break out the amount due in terms of principle, interest, and fees and so did not identify "the amount of the debt" as required under § 1692g(a)(1).

Richland moves for summary judgment, arguing that any claim based on the September 2015 letter is untimely. Richland also argues there can be no claim on the January 2017 letter because (1) Richland did not send it to the Laforges and (2) it was not an initial communication that triggered the disclosure duties where Richland had already sent the initial communication in September 2015.

   1. September 2015 Letter

An FDCPA claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The discovery rule applies to the FDCPA's statute of limitations. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 941 (9th Cir. 2009). Thus, the "limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 940.

Richland has presented evidence that it sent an initial communication to the Laforges in September 2015. ECF Nos. 53-8 at 3; 53-9 at 3; 53-10. The Laforges filed this lawsuit on March

17, 2017.  Consequently, unless there is evidence the Laforges did not discover their claim related to the initial letter within one year of March 17, 2017, their claim based on the September 2015 letter is untimely.

Nevada law presumes that "a letter duly directed and mailed was received in the regular course of the mail." Nev. Rev. Stat. § 47.250(13).  The Laforges present no evidence raising a genuine dispute to rebut that presumption.  The evidence the Laforges cite does not support their position that they did not receive this letter. ECF Nos. 93-7 at 11.  Bunny Laforge testified she did not remember whether she had any communications with RC Willey about her account being delinquent. ECF No. 93-15 at 3.  Stephen Laforge testified he became aware of the delinquency in the RC Willey account after he lost his job and spoke to his wife about which bills had been paid and which had not. ECF No. 93-15 at 5.  But apparently neither was asked if they received the September 2015 letter, and they have not presented declarations attesting that they did not.

The Laforges' attorney avers that the Laforges learned of the September 2015 letter for the first time in discovery. ECF No. 93-7 at 15.  But the Laforges' attorney lacks personal knowledge about whether the Laforges received the September 2015 letter prior to that time. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").  The Laforges do not present evidence of either their own deposition testimony or declarations about when they first learned of the September 2015 letter.[2]

---

[2] The Laforges argue that Richland's documentation cannot be believed because Richland employees sometimes altered signatures on documents and because a Richland employee sometimes used outside counsel's e-filing account to file court documents. *See* ECF Nos. 93-3; 93-14.  None of this evidence suggests that Richland did not send out letters as reflected in its records.

1  The presumption is that the Laforges received the September 2015 letter, and they have

2  not presented evidence that would raise a genuine factual dispute to rebut that presumption.

3  Thus, their claim related to the September 2015 letter is untimely.  I therefore grant Richland's

4  motion for summary judgment on this portion of the Laforge's § 1692g claim.

5              2.  January 2017 Letter

6  The Laforges allege in the amended complaint that a January 2017 letter was the first

7  communication they received from Richland, and that this letter did not meet § 1692g(a)'s

8  disclosure requirements.  Richland moves for judgment on this claim, arguing that because it

9  already sent an initial communication, it need not repeat the disclosures in any future

10  communication.  Richland also contends it did not send the January 2017 letter to the Laforges.

11  Even viewing the evidence in the light most favorable to the Laforges, no genuine dispute

12  remains that the January 2017 letter was not sent by Richland.  The letter was sent by a company

13  called ADP, LLC, which identified itself as a processor of wage garnishment orders for Bunny

14  Laforge's employer, Home Depot U.S.A., Inc. ECF No. 93-9.  Moreover, even if the letter was

15  sent by Richland, it had already sent the September 2015 communication, and thus was under no

16  obligation to make the same disclosures it made in the initial communication. *See* 15 U.S.C.

17  § 1692g(a) (requiring certain information be disclosed either in the initial communication or

18  within five days of the initial communication); *Pittman v. J.J. Mac Intyre Co. of Nev.*, 969 F.

19  Supp. 609, 613 (D. Nev. 1997) (concluding there was no § 1692g violation because that section

20  "applies only to the initial communication between a debt collector and an alleged debtor").

21  In sum, whether based on the September 2015 letter or the January 2017 letter, the

22  Laforges § 1692g claim fails as a matter of law.  I therefore grant Richland's motion for

23  summary judgment on the Laforges' FDCPA claim.

**B. State Law Claims**

The defendants move for summary judgment on the Laforges' state law claims, arguing that the plaintiffs lack standing to pursue them because Richland purchased those claims at a public auction. The Laforges respond that the auction happened in November 2017, but the defendants did not raise the issue until summary judgment. The Laforges contend this argument is therefore waived.

Whether a plaintiff lacks standing to pursue a claim is a non-waivable question of subject matter jurisdiction. *City of Los Angeles v. Cty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009) (stating that Article III standing is a jurisdictional limitation that cannot be waived). I therefore consider whether the Laforges lack standing to pursue their state law claims.

Richland purchased the Laforges' state law causes of action asserted in this case on November 28, 2017 at a sheriff's sale pursuant to a writ of execution. ECF No. 53-17. Nevada law permits judgment creditors to "obtain the issuance of a writ of execution for [a judgment's] enforcement." Nev. Rev. Stat. § 21.010. Personal property subject to execution includes rights of action. *Butwinick v. Hapner*, 291 P.3d 119, 121 (Nev. 2012) (en banc); *see also* Nev. Rev. Stat. §§ 21.080, 10.045. As I noted in a similar case, "the Supreme Court of Nevada has held that breach of contract, abuse of process, and other common law, tort-based claims are subject to writs of execution." *Whitt v. Richland Holdings, Inc.*, No. 217-cv-00014-APG-NJK, 2018 WL 2972925, at *3 (D. Nev. Apr. 27, 2018). I thus held that the plaintiff in that case lacked standing to pursue his claims that were purchased at a sheriff's sale because he "no longer [had] a legally cognizable interest in those claims." *Id.* at *4.

The Laforges have not persuaded me I should depart from this reasoning. I therefore grant the defendants' motion for summary judgment on the Laforges' state law claims because

the Laforges lack standing to assert them, having lost their interest in the claims through the sheriff's sale.

## II.  CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **(ECF No. 87) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of defendants Richland Holdings, Inc., RC Willey, and Randall Corporation and against plaintiffs Stephen Laforge and Bunny Laforge.

IT IS FURTHER ORDERED that the defendants' motion to strike **(ECF No. 88) is DENIED as moot**.

DATED this 21st day of March, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE